UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  Gustavo Ramos,                                    No. 7-09-10173 MS

       Debtor.
_____

Chaparral Materials, Inc.,

       Plaintiff,

v.                                                        Adv. No. 09-1045 J

Gustavo Ramos,

       Defendant.

## MEMORANDUM OPINION

This matter is before the Court on cross motions for summary judgment.[1] This adversary proceeding arises from Plaintiff Chaparral Materials, Inc.'s claims against the Defendant Gustavo Ramos based on unpaid invoices for materials Chaparral Materials, Inc. ("Chaparral") supplied to Mr. Ramos for use in his former construction business. Chaparral alleges that the debt owed by Mr. Ramos to it should be determined non-dischargeable under both 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4). *See* Adversary Complaint for Debt and Money Due, on Personal Guaranty, for Fraud and Objecting to Discharge and Dischargeability. (Docket No.1). Chaparral seeks summary judgment only on its claim under 11 U.S.C. § 523(a)(4). Mr. Ramos seeks summary judgment on the same claim.

Chaparral asserts that Mr. Ramos committed fraud or defalcation while acting in a fiduciary capacity by diverting funds for his personal use paid to him by contractors on projects for the benefit of Chapparal. Chaparral asserts that Mr. Ramos owed it a fiduciary duty of the

---

[1] Plaintiff's Motion for Summary Judgment was filed on April 30, 2010. (Docket No. 17). Defendant's Motion for Partial Summary Judgment Pertaining to Plaintiff's Claim of Non-Dischargeability Under 11 U.S.C.§523(a)(4) was filed on April 29, 2010. (Docket No. 16).

type contemplated by 11 U.S.C. § 523(a)(4) by virtue of a technical trust imposed by the Prompt Payment Act, § 57-28-1, *et seq.*, NMSA 1978. Mr. Ramos counters that the Prompt Payment Act does not impose a technical trust for the benefit of suppliers with respect to funds held by subcontractors, so that he is entitled to judgment as a matter of law on the claim under 11 U.S.C. § 523(a)(4).

The Court, having reviewed the parties' respective motions and responses, and after consideration of the applicable statutes and relevant case law, finds that the applicable sections of the Retainage Act, §57-28-1 *et seq.*, (2001) NMSA 1978[2] do not impose a fiduciary duty on subcontractors to suppliers of the type contemplated by 11 U.S.C. § 523(a)(4). The Court will, therefore, grant Mr. Ramos' Motion for Summary Judgment on the claim under 11 U.S.C. § 523(a)(4) and deny Chaparral's Motion for Summary Judgment on that claim.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. The party requesting summary judgment must demonstrate to the Court that the undisputed facts entitle the movant to judgment as matter of law.[3] The party opposing summary judgment may not rest upon allegations or denials contained in its own pleading, but must "set out specific facts showing a genuine issue for trial." Rule 56(e)(2), Fed.R.Civ.P. To successfully defend against a motion for summary judgment, the affidavits and/or other documentation offered by the party opposing

---

[2] The New Mexico legislature amended the Retainage Act, effective June 15, 2007. Among the amendments was to change the name of the statute to the Prompt Payment Act. The statute in effect when the transactions at issue in this adversary proceeding transpired was the Retainage Act. The provisions of the Prompt Payment Act upon which Chaparral relies are the same in all material respects as the provisions of the Retainage Act that governed the transactions between the parties.

[3] *See Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). ("[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact.").

-2-

summary judgment must contain probative evidence that would allow a trier of fact to find in Defendant's favor. In determining whether summary judgment should be granted, the Court must view the facts in the light most favorable to the party opposing summary judgment.[4]

FACTS NOT IN GENUINE DISPUTE

Defendant Gustavo Ramos was a stucco subcontractor doing business as San Lazaro Construction, Inc., formerly known as Ramos & Sons Construction Company. *Complaint at para. 2, Answer at para.1. Ramos Deposition, p. 9, lns. 12-16.* Mr. Ramos was licensed by the State of New Mexico. *Ramos Affidavit*. On or about January 21, 1998 Mr. Ramos entered into an open account arrangement with Chaparral whereby Chaparral extended credit to Mr. Ramos for his business. *Complaint at para. 10, Defendants Motion for Summary Judgement at para.3, Ramos Affidavit*. In 2004 and 2005, Mr. Ramos purchased materials from Chaparral on credit to complete construction work for which Mr. Ramos was a subcontractor. *Complaint at para. 19 and 20, Defendants Motion for Summary Judgement at para.4.* General contractors on those projects paid Ramos in whole or in part for his work, which included use of materials Mr. Ramos had purchased from Chaparral on credit. *Ramos Affidavit*. Chaparral demanded payment from Mr. Ramos in the amount of $157,027.86 and Mr. Ramos did not pay Chaparral. *Complaint at para 11, Answer at para. 1.* On January 20, 2009 Mr. Ramos filed a voluntary petition under Chapter 7 of the Bankruptcy Code, Case No. 7-09-10173 MA.[5] Chaparral filed the instant adversary proceeding on March 30, 2010.

---

[4] *Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 2007)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' "); *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)(internal quotation marks omitted); *Henderson v. Inter-Chem Coal Co.,* 41 F.3d 567, 569 (10th Cir. 1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party . . .").

[5] Court takes judicial notice of the Court Docket.

-3-

DISCUSSION

A. The Fiduciary Duty under 11 U.S.C. §523(a)(4)

Chaparral and Mr. Ramos both seek summary judgment on Chaparral's claim brought pursuant to 11 U.S.C. §523(a)(4). Under that subsection of 11 U.S.C. § 523, debts incurred as a result of "…fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny" are non-dischargeable. 11 U.S.C. §523(a)(4). A finding of non-dischargeability under Section 523(a)(4) based on fraud or defalcation while acting in a fiduciary capacity requires a showing of the following elements: (1) the existence of a fiduciary relationship between the debtor and the objecting party; and (2) a defalcation committed by the debtor in the course of the fiduciary relationship.[6] Whether there is a fiduciary relationship between the creditor and the debtor is a threshold issue.[7] The fiduciary duty contemplated by 11 U.S.C. § 523(a)(4) is very narrow.[8] The existence of a fiduciary relationship under §523(a)(4) is ultimately determined under federal law.[9] However, state law is relevant to this inquiry.[10] To find a fiduciary relationship under this section the Court must find that an express or technical trust existed between the parties.[11] An express trust may involve a formal declaration of trust or a situation where the intention of the

---

[6] *See Fowler Bros v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996) (stating that, under § 523(a)(4), the must establish "a fiduciary relationship . . . and fraud or defalcation . . . in the course of that fiduciary relationship."); *Watson v. Parker (In re Parker)*, 264 B.R. 685, 700 (10th Cir. BAP 2001)(same); *Antlers Roof-Truss & Builders Supply v. Storie (In re Storie)*, 216 B.R. 283, 286 (10th Cir. BAP 1997)(same).
[7] *Storie*, 216 B.R. at 286; *In re Neal*, 324 B.R. 365, 370(Bankr.W.D.Okla. 2005)
[8] *See Holaday v. Seay (In re Seay)*, 215 B.R. 780, 786 (10th Cir. BAP 1997) (noting that the Tenth Circuit in Young interpreted the phrase "fiduciary capacity" narrowly.); *Neal*, 324 B.R. at 370 ("The Tenth Circuit has taken a very narrow view of the concept of fiduciary duty under this section.").
[9] *See In re Turner* 134 B.R. 646, 649 (Bankr. Okla. 1991)( both state and federal must be consulted to determine whether a relationship exists); see also *In re Shultz*, 205 B.R. 952, 958 (Bankr. NM 1997).
[10] *See In re Shultz,* 205 B.R. at 958( Applicable state law determines whether a express or technical trust relationships exist; and whether a trust was created. The Court ascertains whether a basis exists for finding a debtors status imposed a fiduciary obligation sufficient to meet the strictures of §523(a)(4)).
[11] *Fowler Bros v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996) ("an express or technical trust must be present for a fiduciary relationship to exist under [11 U.S.C.] § 523(a)(4)."). *Accord In re Regan*, 477 F.3d 1209, 1211 n. 1 (10th Cir. 2007); *In re Luna*, 406 F.3d 1192, 1198 n. 2 (10th Cir. 2005). *See also Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151 (1934)(under Section 17(4) of the Bankruptcy Act of 1898, the precursor to § 523(a)(4), there must be an express or technical trust for there to be "defalcation while acting as an officer or in any fiduciary capacity").

parties to form a trust relationship may be inferred by the surrounding facts and circumstances.[12]
An express trust may also be created by an agreement between the parties to entrust a *res* of property to the debtor.[13] A technical trust is a trust imposed by statute, which may lead to the existence of a fiduciary relationship.[14] Neither a general fiduciary duty of confidence, trust, loyalty, and good faith, nor an inequality between the parties' knowledge or bargaining power, is sufficient to establish a fiduciary relationship for purposes of §523(a)(4).[15] Further, the fiduciary relationship must be shown to exist prior to the creation of the debt in controversy.[16]

B. The Prompt Payment Act

Chaparral contends that Mr. Ramos committed a fraud or defalcation while acting in a fiduciary capacity. Chaparral asserts that the Prompt Payment Act, §57-28-1 *et seq.*, NMSA 1978, imposed a fiduciary duty on Mr. Ramos of the type contemplated by 11 U.S.C. § 523(a)(4) to use funds paid him for their intended purpose of paying for the materials he purchased from Chaparral.[17] Chaparral maintains that "under the Prompt Payment Act, a subcontractor holds the funds received from a contractor in trust for his suppliers," and that the Prompt Payment Act imposes a technical trust because "it defines the res, establishes trustee duties and imposes the trust prior to any wrongdoing creating the trust." *See* Plaintiff's Motion for Summary Judgment, p. 5 (Docket No. 17). Chaparral analogizes the provisions of the Prompt Payment Act upon which it relies to the provisions of the Construction Industries Licensing Act, § 60-13-1-59,

---

[12] *See In re Steele*, 292 B.R. 422, 427, (Bankr. Colo. 2003)(citing *In re Turner* 134 B.R. 646, 650 (Bankr. OK 1991))("[The] relationship springs from an attitude of trust and confidence and is based on some form of agreement, either expressed or implied...").
[13] *Fowler Bros*. At 1372; *In re Tucker*, 346 B.R. 844, (Bankr.E.D.Okla.,2006)(The elements of an express trust are the intent to create a trust, a clearly defined trust res, and specific trust duties.)
[14] *In re Neal,* 324 B.R. 365, 370 (Bankr.W.D.Okla. 2005); *See also*, *Cundy v. Woods* (*In re Woods)*, 284 B.R. 282, ("A technical trust may arise as a result of defined obligations imposed by the debtor by state or federal statutes.");
[15] *Fowler Bros*. at 1371-72 (citing *Allen v. Romero (In re Romero*) , 535 F.2d 618, 621 (10th Cir.1976).
[16] *Id.*
[17] Chaparral also relies on a Credit Application and Agreement for Credit Sales to support its claim under 11 U.S.C. § 523(a)(4). S*ee Plaintiff's Motion for Summary Judgment, Exhibit 1*. The Agreement does not create an express trust, and therefore does not by itself give rise to a fiduciary duty of the type contemplated by the statute.

NMSA 1978, that the Tenth Circuit held in *Allen v. Romero (In re Romero)*, 535 F.2d 618, 621-22(10th Cir.1976) imposed a technical trust for the benefit of owners with respect to funds held by contractors.

Chaparral's reliance on *Allen v. Romero* is misplaced. In *Allen v. Romero* the Tenth Circuit examined the New Mexico statute governing licensed contractors. The Court considered the language and remedies set forth in the Construction Industries Licensing Act in view of the statutory purpose "to provide 'a comprehensive method for the licensing and control of contractors in order to protect the public from either irresponsible or incompetent contractors.'" *Id*. at 621, *quoting Peck v. Ives*, 84 N.M. 62, 499 P.2d 684 (1972). The Court then found that the statute imposes a fiduciary duty of the type contemplated by 11 U.S.C. § 524(a)(4) upon a contractor to a property owner to use funds paid by the owner for the owner's construction project, including to pay subcontractors and suppliers on the project.[18] The fiduciary duty recognized by the *Romero* Court under the New Mexico Construction Industries Licensing Act was a duty owed by the contractor to the party entrusting funds to it (the property owner) for use on the owner's project under circumstances in which the owner could be liable twice for the same work if the funds were diverted from their intended purpose.[19] By contrast, the statutory provision upon which Chaparral relies simply requires contractors and subcontractors to make payment to their subcontractors and suppliers promptly after their receipt of payment from a

---

[18] *Allen v. Romero (In re Romero)*, 535 F.2d 618, 621-22(10th Cir.1976). The fiduciary duty imposed upon the contractor under the Construction Industries Licensing Act runs only to the property owner, not to subcontractors or suppliers. *Foxworth Gailbraith Lumber Co., Inc. v Manelos (In re Manelos)*, 337 B.R. 409, 414 (Bankr. D. N.M. 2006).

[19] Under the New Mexico Materialmen's Lien statute, a property owner may be called upon to pay a subcontractor or material supplier to discharge a lien against the owner's property even though the owner paid the contractor for the work and supplies. §48-2-2, *et seq*., (1993) NMSA 1978 . A property owner similarly may be held liable for the same work twice on public projects. 40 U.S.C. §§3131 to 3313(2006); New Mexico "Little Miller Act," §§ 13-4-18 to 13-4-20, NMSA 1978.

-6-

third party (an owner, contractor or another subcontractor), and imposes an interest obligation on late payments.

The statute at issue here provides:[20]

> All construction contracts shall provide that contractors and subcontractors make prompt payment to their subcontractors and suppliers for amounts owed for work performed on the construction project within seven days after receipt of payment from the owner, contractor or subcontractor. If the contractor or subcontractor fails to pay his subcontractor and suppliers by first-class mail or hand delivery within seven days of receipt of payment, the contractor or subcontractor shall pay interest to his subcontractors and suppliers beginning on the eighth day after payment was due, computed at one and one-half percent of the undisputed amount per month or fraction of a month until payment is issued. These payment provisions apply to all tiers of contractors, subcontractors and suppliers.
> §57-28-5C (2001) NMSA 1978.

The Retainage Act does not establish a technical trust giving rise to a fiduciary duty of the type contemplated by 11 U.S.C. § 523(a)(4). The statutory language does not include trust-like language obligating contractors or subcontractors to hold specific, identifiable funds in trust for the benefit of their suppliers. Instead, the statute obligates contractors and subcontractors to make prompt payments to their suppliers and subcontractors and imposes a penalty for failing to do so. By providing for an interest penalty for failure to make timely payments, the Retainage Act at most holds the subcontractor chargeable as a trustee *ex maleficio*; it does not create a trust prior to any wrongdoing.[21] This is not enough to establish a fiduciary duty under 11 U.S.C. § 523(a)(4). *See Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 154 (1934)

---

[20] As noted at footnote 2, *supra.,* although Chaparral relies on the Prompt Payment Act, the statute in effect when Chaparral supplied the materials to Mr. Ramos, and when Mr. Ramos performed and was paid for the construction work in question, was the Retainage Act, §§57-28-1 to -11 (2001), NMSA 1978. The Retainage Act was amended effective June 15, 2007 to amend several of its provisions and to change the name of the statute to the Prompt Payment Act. The provision is materially the same as Section 57-28-5C of the Prompt Payment Act. §57-28-5C (2001) NMSA 1978. The provisions of the Retainage Act requiring a portion of the retainage on a construction project to be placed in escrow under certain conditions did not apply to Mr. Ramos. Those provisions applied only to property owners and general contractors, not to subcontractors. *See* §§ 57-28-2 C, D, E and F, and 57-28-5 E and F (2001) NMSA 1978.

[21] *Cf. Foxworth Gailbraith Lumber Co., Inc. v Manelos (In re Manelos)*, 337 B.R. 409, 414 (Bankr. D. N.M. 2006)(holding that a similar provision of the New Mexico Stop Notice Act providing a penalty for nonpayment by contractors and subcontractors to material suppliers did not impose a fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4)).

(stating that "[i]t is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee *ex maleficio*. He must have been a trustee before the wrong and without reference thereto.").[22]

Based on the foregoing, the Court concludes that summary judgment should be granted in favor of Mr. Ramos on Chaparral's claim, under 11 U.S.C. § 523(a)(4), as a matter of law. No fiduciary duty existed by Defendant to Plaintiff and within the meaning of 11 U.S.C. § 523(a)(4). An order consistent with this Memorandum Opinion will be entered.

                                                  /s/ Robert H. Jacobvitz
                                                  _____
                                                  ROBERT H. JACOBVITZ
                                                  United States Bankruptcy Judge

Date entered on docket: September 22, 2010

COPY TO:

Lillian G Apodaca
Bingham, Hurst & Apodaca, P.C.
3908 Carlisle Blvd NE
Albuquerque, NM 87107-4504
*Attorneys for Chaparral Materials, Inc.*

Gerald R. Velarde
2531 Wyoming Blvd. NE
Albuquerque, NM 87112-1027
*Attorney for Gustavo Ramos*

---

[22] The *Davis* Court was construing subsection (4) of Section 17(f) of the Bankruptcy Act of 1898, 11 U.S.C.A. § 35(4), the precursor to 11 U.S.C. § 523(a)(4). Section 17(f) of the Bankruptcy Act provided that debts are excepted from discharge that are "created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." The same requirement for establishing a fiduciary duty that a trust is established before and not as a result of the wrongdoing applies under Section 523(a)(4) of the Bankruptcy Code. *See In re Bucci*, 493 F.3d 635, 641 (6th Cir. 2007) (quoting *Davis v. Aetna Acceptance Co.*); *In re Fernandez-Rocha*, 451 F.3d 813, 816 n.4 (11th Cir. 2006) (same); *In re Gupta*, 394 F.3d 347, 350 (5th Cir. 2004) ) (same); *Hunter v. Philpott*, 373 F.3d 873, 876 (8th Cir. 2004) ) (same); In re Lewis, 97 F.3d 1182, 1185 (9th Cir. 1996) ) (same).